UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. WILLIS,

     Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

     Defendants.

Civil Action No. 04–2053 (CKK)

**MEMORANDUM OPINION**
(September 20, 2006)

On January 23, 2006, the instant Court denied without prejudice what it construed to be *pro se* Plaintiff's motion for appointment of counsel.  Plaintiff filed [42] "Plaintiff['s] Renewal Motion for Appointment of Counsel" on February 21, 2006.

Plaintiff's Renewal Motion for Appointment of Counsel appears to be a request for counsel outside of the context of the FOIA case presently before the Court, as Plaintiff requests that "this honorable court . . . appoint him an attorney that will help him properly litigate his unjust imprisonment and conviction, that he was wrongly convicted for in February of 1991." [42] Mot. at 3.  *See also id.* at 1 (wherein Plaintiff requests "an attorney to help him in his extremely hard appeal.").  To the extent that Plaintiff's request for counsel is unrelated to the instant FOIA case before this Court, it is DENIED.

To the extent that the Court liberally may construe Plaintiff's request as a motion for appointment of counsel in the instant case, the Court shall nonetheless deny Plaintiff's request. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel.  *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d

Cir. 1981).  The Court notes that Plaintiff in this case is not proceeding *in forma pauperis*.  As

Plaintiff is not proceeding *in forma pauperis*, he does not qualify for appointment of counsel

from the Court's Civil Pro Bono Panel.  *See* Local Civil Rule 83.11(b)(3).  The Court has also

considered the potential merits of Plaintiff's claim, the complexity of the legal and factual issues

involved, Plaintiff's *pro se* representation to this point in the proceedings (including his filing of

an Opposition to Defendant's Motion to Dismiss/Summary Judgment), and the degree to which

the interests of justice will be served by appointment of counsel, including the benefit the Court

may derive from the assistance of appointed counsel.  Given these considerations, the Court shall

DENY WITHOUT PREJUDICE Plaintiff's motion for appointment of counsel.  An Order

accompanies this Memorandum Opinion.


Date:   September 20, 2006


                              _____/s/_____

                              COLLEEN KOLLAR-KOTELLY
                              United States District Judge

2